# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BRANDON ROBERTS, | * | |
| Plaintiff | * | |
| v | * | Civil Action No. ELH-17-2306 |
| WARDEN BOBBY P. SHEARIN, *et al.*, | * | |
| Defendants | * | |
| | *** | |

## MEMORANDUM

Plaintiff Brandon Roberts, an inmate currently confined at the North Branch Correctional Institution ("NBCI"), filed this civil rights suit against former Warden Bobby P. Shearin, Warden Frank B. Bishop, and unidentified "Prison Administration and other Subordinates." ECF 1. He alleges that his civil rights were violated after violence in the prison resulted in a lengthy lock-down. *Id.* Plaintiff also alleged that he was subjected to an improper strip search and that a "Phase System" was improperly implemented, which deprived him of privileges and programming. *Id.* Plaintiff did not indicate when these events occurred. *Id.*

On December 6, 2018, plaintiff filed a "Motion to Compel Defendants To Process Property Orders Or Alternatively for TRO." ECF 28. He filed a second motion, with the same title, on January 14, 2019. ECF 29. I shall refer to these motions collectively as the "TRO Motions." Defendants have responded (ECF 32) and plaintiff has replied. ECF 34; ECF 35. Plaintiff also filed a motion asking the court to rule on his TRO Motions. ECF 36. For the reasons that follow, I shall deny plaintiff's TRO Motions. I shall also address the status of a defense motion.

### A.

In his TRO Motions, plaintiff states that in November of 2018, he submitted order forms

to purchase items through approved catalog vendors. ECF 28 at 1. In the amount due for his purchases he printed "Credit Remain at Company." *Id*. at 2. The vouchers were returned to plaintiff with a notation that the forms did not include the proper paperwork for mailing. Plaintiff affixed stamps and returned the items to the property department. *Id*. The purchase requests were again returned to plaintiff, this time with a notation that catalog orders could not be paid for by persons outside of the institution. *Id*.

Plaintiff maintains that, pursuant to Division of Corrections Directives, he is permitted to purchase "electronic devices, and clothing, etc. from approved vendors via catalog orders." *Id*. at 3. He contends that his orders were rejected in an effort to have him place additional money into his prison accounts so that "prison officials [could] pilfer and extort funds, as a form of kick-backs or personal interest gains and the monopolized schemes they have in place." *Id*. at 3-4.

Plaintiff's catalog order "mainly consist[s] of winter clothing, shoes, [and] legal supplies such as 10 x 13' manila envelopes, legal file folders and 10x15' wallet envelopes," which he deems essential to the organization, carrying, and mailing of his legal documents. *Id*. at 5. Plaintiff's order also included "hygienic materials and other similar products prescribed by a physician for the plaintiff to order, as a result of a chronic medical conditions he has with his skin." *Id*.

On November 15, 2018, plaintiff filed an Administrative Remedy Procedure ("ARP") (NBCI-18-7678) regarding the failure to process his catalog orders. ECF 32-1 at 2-3. The ARP was dismissed. *Id*. at 2. Investigation found that plaintiff had submitted four catalog orders (two orders, twice). The first two orders were returned because plaintiff failed to fill out the forms correctly. The second two orders were returned because plaintiff wrote "store credit" on the order forms. Plaintiff's account was reviewed, and it was determined that he had not paid any money to or previously ordered from the specified companies. *Id*. As such, correctional staff determined that

2

plaintiff was placing a catalog order using funds that were not his own, which is impermissible under relevant correctional policy. *Id.* at 6.

Additionally, in accordance with OPS 220.0004, which governs allowable inmate property, coats and jackets within certain specifications are permissible but are "State Issue Only." ECF 32-1 at 7.

A preliminary injunction is an extraordinary and drastic remedy. *See Munaf v. Geren,* 553 U.S. 674, 689-90 (2008). A party seeking a preliminary injunction or temporary restraining order must establish the following elements: (1) a likelihood of success on the merits; (2) a likelihood of suffering irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the party's favor; and (4) the injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Pashby v. Delia*, 709 F.3d 307, 320 (4th Cir. 2013). As to irreparable harm, the movant must show the harm to be "neither remote nor speculative, but actual and imminent." *Direx Israel, Ltd. v. Breakthrough Medical Group,* 952 F.2d 802, 812 (4th Cir. 1991) (citation omitted)). "Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with [the Supreme Court's] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22 (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)).

Plaintiff has not sustained his burden of demonstrating that his request for injunctive relief is warranted. As an initial matter, this Complaint concerns the conditions of confinement during a prison lock down during an unspecified period. Accordingly, even if plaintiff were to succeed on the merits of his claims, the requested relief would not necessarily include the conduct he seeks to compel.

Putting plaintiff's questionable use of the request for injunctive relief to one side, although he alleges harm, he has not clearly established that he will suffer immediate and irreparable injury, loss, or damage if the requested relief is not granted. Plaintiff indicates that he seeks to order winter clothing, prescribed medical supplies, and stationary to assist in his legal endeavors. Plaintiff is provided clothing by the Division of Corrections and if in fact he has a valid prescription for medical supplies from his current treating physician that too would be provided by the State. As none of the generally identified items are necessary to plaintiff's health or safety, he has failed to demonstrate any likelihood of harm.

Finally, plaintiff has not demonstrated that an injunction is in the public interest. "[A]bsent the most extraordinary circumstances, federal courts are not to immerse themselves in the management of state prisons or substitute their judgment for that of the trained penological authorities charged with the administration of such facilities." *Taylor* v. *Freeman,* 34 F.3d 266, 268 (4th Cir. 1994). Accordingly, the TRO Motions shall be denied.

**B.**

Defendants previously filed a Motion for a More Definite Statement (ECF 15), which was granted. ECF 22. Plaintiff was directed to file a response providing defendants with the date and/or time frame for each incident and claim referenced in the Complaint, including the name of each staff member who plaintiff alleged was involved in the incidents. *Id.*

Thereafter, plaintiff filed a "Motion For Partial Modifications And/Or For Limitations Of The Court's Order Requiring More Definite Statement Of Complaint." ECF 23. It was subsequently granted in part and denied in part by Order of January 23, 2019. ECF 30. In the Order modifying what additional information plaintiff was required to provide (*see* ECF 30), plaintiff was directed to provide the information on or before February 25, 2019. *Id.* Further,

plaintiff was forewarned that failure to comply with the Order to provide a more definite statement could result in dismissal of his Complaint, without further notice. *Id.* ¶ 4.

Plaintiff has failed to comply with the court's Order regarding a more definite statement. However, plaintiff shall be provided with a final opportunity to do so, due by June 20, 2019. If he fails to comply, his suit shall be dismissed, without prejudice.

A separate Order follows.

<u>May 24, 2019</u>                           <u>      /s/              </u>
Date                                           Ellen L. Hollander
                                              United States District Judge